842 F.2d 334
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Leonard WILLIAMS, Sr.; Robert E. Bush, Jr.; Louis
Averhart; Louis Clinkscale; Samuel L. DuBose; Gary T.
Ford; Clarence Greene; Theodore Gillison; William W.
Johnson; Rodney W. Lewis; Robert L. Lightfoot; Dennis M.
Norris; Ernest D. Paul, Sr.; David M. Truman; B. Franklin
Taylor, Plaintiffs-Appellees,
v.
Mayor George VUKOVICH; Stanley E. Peterson, Chief of
Police; Richard Groucutt, Administrator, CSC; Otis Coney,
Sr.; Chairman; Avetis G. Darvanan, Member; and George
Krispli, Member, Defendants-Appellants,
Youngstown Fraternal Order of Police, Lodge 28, Intervenor.
 No. 86-4035.
 United States Court of Appeals, Sixth Circuit.
 March 15, 1988.
 
 Before KEITH, BOYCE F. MARTIN, Jr., and RYAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 The defendants, the City of Youngstown, its mayor, and a number of other city officials, appeal the decision of the district court awarding plaintiffs, various black police officers and applicants, attorneys fees for their costs incurred defending the consent decree entered into by plaintiffs and defendants against a suit brought by objectors to the consent decree. Before addressing the issues raised in this appeal, we summarize briefly the relevant facts.
 
 
 2
 This appeal has its origins in a class action race discrimination suit brought by plaintiffs against the defendants on January 7, 1976. After five years of litigation, the trial court approved on July 14, 1981, a final consent decree and entered judgment pursuant to that decree. On August 11, 1981, six named objectors filed an appeal of the initial consent decree to this court. None of the defendants responded to the objectors' claims. Plaintiffs alone defended the reasonableness and the fairness of the final decree. On November 4, 1983, this court held that while the reasons advanced by the objectors in their attack against the decree were without merit, the decree was, nevertheless, illegal and contrary to the public interest. This court remanded the matter for trial on the merits "unless the parties [could] submit a consent decree which was free from the deficiencies which the court found." On January 21, 1986, after two years of negotiations, the district court adopted a final consent decree curing the deficiencies found by this court.
 
 
 3
 Two paragraphs of that decree are of particular relevance in this matter. Paragraph thirty-one of the decree provided that:
 
 
 4
 Reasonable attorney fees ... may be allowed as the Court, in its discretion, may determine, if after thirty (30) days following the approval of this decree, the parties have been unable to agree as to what constitutes a reasonable fee. At that time plaintiffs shall make application for such determination to this court. This decree shall be final and binding on the defendants, their successors in office, and their officers, agents and employees.
 
 
 5
 The parties also agreed at paragraph five of the order that:
 
 
 6
 It is mutually agreed that this consent decree shall be entered as a final, binding order from which no appeal shall be taken. It is further agreed that, except as otherwise provided in this decree, this order shall constitute the complete final disposition of all issues in this action concerning ... the entitlement of plaintiffs or members of their class to any form of monetary or other relief."
 
 
 7
 After the initial consent decree was agreed to and entered by the court, plaintiffs were awarded $156,000 in attorneys fees to be paid by the city. After the second decree was finalized, plaintiffs again applied for attorneys fees. This application for fees sought an award of $93,233.63 and $589.91 in expenses and costs. Neither the defendants nor any other party filed any objections or other response to the plaintiffs' application. On July 14, 1986, sixty days after the filing of the plaintiffs' application, the district court granted the request. On July 16, 1986, defendants moved for reconsideration and a motion for stay of execution. On August 13, 1986, defendants filed a notice of appeal as to the court order of July 14, 1986. The trial court then, by entries of August 7, 1986 and October 2, 1986, granted a stay of execution, thus allowing defendants an opportunity to file a brief in opposition to plaintiffs' application.
 
 
 8
 On October 16, 1986, the court conducted evidentiary hearings. During those hearings, defendants argued before the district court why they should not have to pay the attorneys fees incurred by the plaintiffs after the signing of the original consent decree. In particular, defendants argued that they were not the party "prevailed against" for purposes of 42 U.S.C. Sec. 1988, and that the fees applied for were grossly excessive. On October 20, 1986, the district court entered another order vacating the order of July 14, 1986, which granted plaintiff's application for fees. The court reduced, however, the award of fees to plaintiffs by 10% "to account for duplication of services."
 
 
 9
 Defendants represented to the district court that if the court granted them a hearing on their motion for reconsideration, they would voluntarily dismiss their appeal to this court of the July 14, 1986 order. Accordingly, defendants filed a motion for voluntary dismissal, and this court granted same by entry on November 4, 1986. On October 29, 1986, defendants decided to appeal the district court's order of October 20, 1986. It is that appeal which is the subject of this case.
 
 
 10
 The defendants' first assignment of error is that they should not be found liable for the attorneys fees incurred by plaintiffs in defending the original consent decree and in negotiating the second consent decree. We do not agree. Furthermore, we do not believe defendants are correct when they say that the district court was motivated solely by which party had the deepest pockets in assessing liability for plaintiffs' attorneys fees. At the hearing on October 16, 1986, where defendants argued that they should not be liable for any fees incurred by plaintiffs after the original consent decree, the district court judge explicitly asked defendant's counsel:
 
 
 11
 why didn't you negotiate that with the plaintiff and say, 'listen, in the event this consent decree is appealed, we expect that you will join with the City of Youngstown in defending the consent decree on appeal without any expenditure additions, without application for future fees or without entering into some agreement'. You didn't do that.
 
 
 12
 On behalf of defendants, Mr. Romero responded by stating that:
 
 
 13
 plaintiff counsel are highly competent and certainly would not have agreed to the risk of having to go to the Court of Appeals without having any possibility of attorneys fees from any person other than a sole taxpayer. So that we would still be trying to work out the first consent decree if we were trying to reach that position.
 
 
 14
 We believe this exchange between the district court and defendants' counsel indicates that the focus was not merely on which party had the deepest pocket, but on specific language in the consent decree and on a determination of which party was prevailed against. If defendants wanted the protection that they now seek from this court, they should have secured it in the consent decree. They did not do so, and, in fact, they admit the plaintiffs would never have agreed to such a provision. We see no reason, therefore, why we should insert such a provision into the consent decree when defendants were not in any position to successfully negotiate it.
 
 
 15
 We also reject defendants' argument that the attorneys fees incurred by plaintiff should be divided fifty-fifty by plaintiffs and defendants because both parties were equally culpable for the drafting of the initial flawed consent decree. This argument has no merit. The fact of the matter is that the initial consent decree required defendants to pay plaintiffs' attorneys fees. That the initial decree was fashioned in an unconstitutional manner, thus necessitating additional work, does not alter defendants' underlying responsibility to pay plaintiffs' attorneys fees.
 
 
 16
 Finally, we reject defendants' argument that the district court failed to abide by the requirements found in Northcross v. Board of Education, 611 F.2d 624 (6th Cir.1979). Having reviewed the record, we firmly believe that plaintiffs sufficiently documented the reasonableness of their fee application. Defendants have not offered the proof necessary to convince this court that the fees awarded to plaintiffs were anything but reasonable.
 
 
 17
 Accordingly, the decision of the district court is hereby affirmed.